IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. G-06-08 (2) |
| | § | |
| KEELON JMAR SENEGAL, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR NEW TRIAL**

Pending before the Court is a pro se motion filed by Defendant Keelon Jmar Senegal ("Senegal") and titled as a "Motion for New Trial - Newly Discovered Evidence or in the Alternative - Motion for Evidentiary Hearing." D.E. 353. For the reasons set forth herein, the motion is DISMISSED for lack of jurisdiction. Also pending before the Court is Senegal's letter request dated April 19, 2010 (D.E. 350), requesting copies of his trial transcripts, a copy of the Docket Sheet, and a copy of the Government's Exhibit list. This request is DENIED in part and GRANTED in part as set forth below.

### I. Procedural Background

Senegal was found guilty after a jury trial that was held before Judge Samuel B. Kent in July 2007. D.E. 166-178. A number of subsequent motions, including a motion for new trial, were denied by United States District Judge Lynn N. Hughes on December 11, 2007. D.E. 222.

In January 2008, Judge Kent recused himself from the case, and the case was assigned to the undersigned. D.E. 229; see also Docket Entries Dated January 9, 2008. Senegal was sentenced by this Court on April 11, 2008. D.E. 277. Senegal timely appealed. The Fifth Circuit affirmed in a per curiam opinion issued on March 23, 2010, and issued as mandate on April 14, 2010. D.E. 348.

On May 17, 2010, the Clerk received Senegal's "Motion for New Trial." D.E. 353. In it, Senegal contends that the trial judge, Judge Kent, knew as early as June 8, 2007, that "he was being investigated for federal crimes . . ." D.E. 353 at 1-2. Senegal claims that because Judge Kent knew he was being investigated by the same United States Attorney's Office that was prosecuting Senegal, there was a conflict of interest that should have resulted in an earlier recusal by Judge Kent. Defendant further contends that Judge Kent "showed his bias numerous times" during trial,[1] and further asserts that Judge Kent "appeared to be intoxicated at trial." D.E. 353 at 3.

A motion for new trial must be made within seven days of the finding of guilty or the verdict, unless the motion is based on the discovery of new evidence. Fed. R. Crim. P. 33. Where the motion is based on newly discovered evidence, the motion must be filed within three years of the guilty verdict. The time limits in Rule 33 are jurisdictional. United States

---

[1] Notably, the Fifth Circuit addressed and rejected claims of bias by Judge Kent on appeal. See D.E. 348 at 19-21.

v. Bowler, 252 F.3d 741, 743 (5th Cir. 2001); United States v. Erwin, 277 F.3d 727, 732 (5th Cir. 2001).

In this case, to the extent Senegal's claim can be said to be based on "newly discovered evidence," it is arguably timely.

Although Senegal contends that the evidence regarding Judge Kent is "newly discovered evidence," any claim that Judge Kent appeared "intoxicated" at trial is not evidence that could be newly discovered. Senegal was present at the trial and had the opportunity at that time to observe any behavior by the trial judge then.

To the extent that Senegal is arguing that he only recently discovered that Judge Kent was being investigated for federal crimes at the time of trial, this, too, is without merit. Indeed, Senegal himself filed a motion on December 5, 2007 (D.E. 217), in which he referenced Judge Kent's investigation:

> The Defendant filed his motion more than 120 days ago, and because of Judge Kent's complications, the Defendant is being denied due process . . . .Defendant's sentencing was originally set for 10/12/2007 at 10:30 AM, but in lieu of Judge Kent's investigation and reprimand, it was reset for 1/25/2008 at 10:15 AM. Defendant filed a "Motion for New Trial-Newly Discovered evidence" (Inst. # 196) and Judge Kent, knowing he had to vacate his post on 8/31/2207, quickly issued his "Opinion and Order" . . . .

Id. at 2. Judge Kent recused himself on January 10, 2008. D.E. 229, and this Court announced in open court that Judge Kent was no longer hearing cases to which the United States is a party on May 15, 2008. D.E. 302 at 5. Senegal was present at that hearing. Based upon his own filings, Senegal knew no later than December 2007, more than two years

3

before he filed his current motion for new trial that Judge Kent was being investigated and had been reprimanded. D.E. 217. Thus Senegal's motion for new trial is untimely and this Court does not have jurisdiction to consider his motion. See Bowler, 252 F.3d at 743; Erwin, 277 F.3d at 732.

## II.    Procedure for Filing § 2255 Motion

Although this Court may not consider untimely claims brought as a motion for new trial, Senegal's claims regarding Judge Kent's alleged conflict of interest is a claim that may be cognizable in a motion pursuant to 28 U.S.C. § 2255. Senegal's motion does not reference 28 U.S.C. § 2255, but instead relied on federal Rule of Criminal Procedure 33. Because he has not clearly evidenced an intent to file a § 2255 motion, and in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Senegal's motion as a section 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). The Clerk is directed, however, to send the appropriate forms to Senegal for filing such a motion.

Moreover, pursuant to the directives of Castro, Senegal is advised that if he files a § 2255 motion asserting claims of ineffective assistance of counsel, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255

4

motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met).[2] That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Senegal will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000) (discussing what constitutes a second or successive claim where a defendant's first § 2255 results in an out-of-time appeal). Thus, any and all claims that Senegal wishes the Court to consider should be asserted in any § 2255 motion he files.

Senegal is further advised that a section 2255 motion must ordinarily be filed within a year after a defendant's conviction becomes final. In this case, Senegal's conviction

---

[2] The pertinent portion of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2255(h).

became final 90 days after the Fifth Circuit issued its decision on March 23, 2010. Accordingly, if he wishes to file a § 2255 motion, he should do so not later than June 20, 2011.

To the extent he seeks any substantive relief through his current letter motion, it is DENIED WITHOUT PREJUDICE to Senegal's ability to file a proper § 2255 motion.

### III. REQUEST FOR DOCUMENTS

During the proceedings below, Senegal was furnished counsel as an indigent defendant and has remained in custody from transfer to federal custody early in these proceedings through his conviction. D.E. 19, 22. An indigent defendant does not have a right to documents at government expense unless the transcripts are necessary to decide a pending action and the pending action is not frivolous. See 28 U.S.C. § 753(f) (in order to be entitled to transcripts, an indigent defendant must establish that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Senegal states that he needs transcripts and a copy of the government's exhibit list to prepare his section 2255 motion. Most 2255 motions are filed without benefit of the transcripts or other record documents. Senegal does not have any pending action before this

Court. His request for transcripts and the government's exhibit list at government expense (D.E. 350) are DENIED without prejudice.

## CONCLUSION

For the foregoing reasons, Senegal's motion for new trial is DISMISSED For lack of jurisdiction. Senegal's request for transcripts and the government's exhibit list is DENIED. The Clerk is directed to provide a copy of a blank 28 U.S.C. § 2255 motion to Senegal and Senegal is advised to review carefully the Court's warnings set forth in Section II of this Order. The Clerk is also directed to send Senegal a copy of the Docket Sheet and instructions on ordering documents at his own expense should he desire to do so.

It is so ORDERED this 24 day of ___Nov___, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE