United States District Court
Southern District of Texas
**ENTERED**
October 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, | § § § |
| v. | § CRIMINAL ACTION NO. 3:06-CR-8-2 § |
| KEELON JMAR SENEGAL, *Defendant*. | § § § |

## ORDER

Before the Court is the Motion to Alter or Amend Judgment (Doc. No. 511) of Defendant Keelon Jmar Senegal (hereinafter "Defendant" or "Senegal"). The Court finds the motion to be meritless. The overarching question in this case is whether Senegal has the predicate underlying convictions which qualified him as an armed career criminal under the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e).

### I. Background

In the instant case, Senegal was convicted by a jury on multiple counts relating his armed robbery of two federal credit unions in Galveston, Texas. He was sentenced to life imprisonment followed by a five-year term of supervised release. The conviction and sentence were upheld on appeal by the Fifth Circuit Court of Appeals. *United States v. Senegal*, 371 Fed. App'x 494 (5th Cir. 2010).

Senegal then filed a habeas corpus application pursuant to 28 U.S.C. § 2255. (Doc. No. 382). That motion was denied. (Doc. No. 420). The Fifth Circuit thereafter denied a certificate of appealability. (Doc. No. 449). Senegal then attempted to file a subsequent § 2255 motion. (Doc. No. 451). The Fifth Circuit granted Senegal leave to file this successive habeas corpus petition

but instructed that the district court must dismiss the motion if it found that Senegal failed to make the showing required to file such a motion. (Doc. No. 450).

This successive § 2255 motion, (Doc. No. 451), was initially referred to the United States Magistrate Judge, who considered the relative merits in detail. That court found his claims to be without merit and recommended that the motion be denied. (Doc. No. 491). This Court likewise reviewed the claims and the Memorandum and Recommendation in detail. With the exception of one statement in dicta, the Court adopted the Memorandum and Recommendation and denied Senegal the relief requested. (Doc. No. 493). In that order, this Court denied the relief requested in Senegal's successive motion, overruled his objections to the Memorandum and Recommendation, and denied his request for appointment of counsel (Doc. No. 471), his motion for resentencing (Doc. No. 470), his motion for clarification (Doc. No. 468), and his opposed motion "to the granting of Government's motion for extension of time." (Doc. No. 464).

## II. Discussion

Senegal has now filed another Motion to Alter or Amend Judgment. (Doc. No. 511). In this motion, he repeats most of the same arguments he made initially—the ones both the Magistrate Judge and the undersigned have previously rejected. He complains that he was not afforded a hearing, that his underlying convictions did not bring him under the auspices of the ACCA, and that the undersigned did not grant him relief because his initial sentence was imposed by this District's Chief Judge, and he contends that the undersigned would not question the Chief Judge's handiwork.

The Court denies Senegal's motion. Initially, his claims under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), are meritless. His argument hinges upon his Texas state court robbery convictions which were held to be violent

2

felonies, and thus, when one of these convictions is added to his prior convictions of possession with intent to distribute illegal drugs and attempted murder, they clearly make him subject to the ACCA. *See, United States v. Burris*, 920 F.3d 942, 948–958 (5th Cir. 2019). The Fifth Circuit's decision in *Burris* makes it clear that Texas robbery convictions, regardless of whether they are under § 29.02(a)(1) or (2), are violent felonies for the purposes of the ACCA. Thus, Senegal's substantive claims are meritless.

Procedurally, Senegal complains he was not given a hearing. The characterization and treatment of Senegal's underlying convictions could not be affected in any manner by evidence or argument. Consequently, there was no need for a hearing. Finally, he suggests that this Court would never contradict a ruling by the Chief Judge of the District. While this Court does hold former Chief Judge Hayden Head in high esteem, it would not hesitate to enter a judgment reversing one of his rulings if required either by the law or evidence. This case, however, does not fit into either category. Senegal's conduct in the instant case and his prior criminal history compelled a serious sentence and he received one.[1]

### III. Conclusion

The Court overrules the Motion to Alter or Amend Judgment (Doc. No. 511) and, pursuant to the instructions of the Fifth Circuit, hereby dismisses this successive petition for a writ of habeas corpus. All other motions are denied as moot.

SIGNED at Houston, Texas this 14th day of October, 2020.

Andrew S. Hanen
United States District Judge

---

[1] Even without factoring in the ACCA or some other enhancing statute, Senegal's offense level of 37 combined with a criminal history category of VI made him eligible for a life sentence under the United States Sentencing Guidelines. Consequently, the life sentence he received was within the advisory guideline range even without the consideration of any outside enhancements.